UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:15-CV-1702 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant(s). | |

Presently before this court is plaintiff Nationstar Mortgage, LLC's motion to amend its complaint to add parties (ECF Nos. 24, 25), and defendant SFR Investments Pool 1, LLC's ("SFR") motion to certify a question of law (ECF No. 28). To the former motion, defendant filed a response that included its non-opposition; however, defendant contests the facts as stated in plaintiff's motion. (ECF No. 26). To the latter motion, plaintiff filed a response (ECF No. 29), and defendant filed a reply (ECF No. 30).

**I.   Motion to amend complaint**

Federal Rule of Civil Procedure 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Moreover, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Indeed, "this determination should be performed with all inferences in favor of granting the motion." *Id.* "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

**James C. Mahan**
**U.S. District Judge**

Although defendant does not oppose plaintiff's motion to file an amended complaint, this court cannot allow the amended complaint to be filed in its current form. *See* (ECF Nos. 25, 26). Plaintiff's motion indicates that it wishes to add Suncrest Homeowners Association and Nevada Association Services, Inc. as parties to this action, but the submitted proposed amended complaint neither names those entities as parties with sufficient clarity nor properly alleges this court's jurisdiction over them. (ECF Nos. 24, 25).

Therefore, the court must deny the motion because the proposed amended pleading is inadequate. *See* LR 8-1 ("The first allegation of any complaint, counterclaim, cross-claim, third-party complaint, or petition for affirmative relief must state the statutory or other basis of claimed federal jurisdiction and the facts to support it."); LR 15-1 ("The proposed amended pleading must be complete in and of itself . . . ."); *see also United States v. Hvass*, 355 U.S. 570, 574–575 (1958) (describing how the local rules have the force of law); (ECF No. 25) (lacking any explicit mention of Suncrest Homeowners Association).

## II.     Motion to certify a question of law

Next, defendant requests that this court certify to the Nevada Supreme Court the question: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 28 at 1).

Plaintiff responds that the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), is dispositive of the issue and controls this action. (ECF No. 29). This court agrees; the Ninth Circuit held—in a published opinion—as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien . . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
>
> . . . .
>
> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

*Bourne Valley Court Trust*, 832 F.3d at 1159.

James C. Mahan
U.S. District Judge

Accordingly, the court will deny SFR's motion to certify this question to the Nevada Supreme Court. *See Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014) (reasoning that the applicability of "controlling precedent" permitted the denial of a request to certify a question to the Oregon Supreme Court).

### III. Conclusion

In sum, plaintiff's motion to amend the complaint is denied for insufficiency of the proposed amended complaint. Next, defendant's motion to certify a question of law is denied because its offered question has already been answered in a controlling disposition by the Ninth Circuit.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend the complaint (ECF No. 24) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that if plaintiff wishes to refile its motion to amend the complaint with a corrected proposed complaint, it must do so within seven (7) days of the date of this order. Defendant shall have seven (7) days from the date that motion is filed to submit its response. There will be no reply.

IT IS FURTHER ORDERED that defendant's motion to certify a question of law (ECF No. 28) be, and the same hereby is, DENIED.

DATED February 21, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**